RAINES FELDMAN LLP
MILES FELDMAN (BAR NO. 173373)
RANDAL IVOR-SMITH (BAR NO. 222100)
9720 Wilshire Boulevard, Fifth Floor
Beverly Hills, California 90212
Telephone: (310) 440-4100
Facsimile: (310) 765-7730
Attorneys for Plaintiff, Counter-Defendant and
Cross-Complainant NACABI TRADING, INC.

LATHROP & GAGE LLP
JOHN SHAEFFER (BAR NO. 138331)
AMBER D. HENRY (BAR NO. 247624)
BRIAN C. FRIES (admitted *pro hac vice*)
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 789-4600
Facsimile: (310) 789-4601
Attorneys for Defendant and Counter-Claimant
IMPACT DESIGN, LLC

COREY & COREY
EDWARD E. COREY (BAR NO. 124900)
3580 Wilshire Boulevard, 17th Floor
Los Angeles, CA 90010
Telephone: (213) 385-7003
Facsimile: (213) 385-6908
Attorneys for Cross-Defendant PG-USA, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACABI TRADING, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMPACT DESIGN, LLC a Kansas limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER AND CROSS-CLAIMS | Case No. CV10-3275 R (VBKx)<br><br>STIPULATION AND PROTECTIVE ORDER |

Pursuant to the Federal Rules of Civil Procedure and it appearing that discovery in the above-entitled action is likely to involve the disclosure of confidential information, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and through their counsel of record, as follows:

1. In order that confidential financial, technical, developmental, commercial, and proprietary information and trade secrets are protected pursuant to the Federal Rules of Civil Procedure, this Protective Order will govern any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process which contains or comprises any confidential financial, technical, developmental, commercial, or proprietary information or trade secrets.

2. "Confidential" information shall consist of confidential technical, research, developmental, commercial, business, employment, financial, or other proprietary information which is nonpublic or is restricted from disclosure by obligations with a non-party (such as a customer) and which the designating party reasonably believes is of such a particularly sensitive nature and character that the unlimited disclosure thereof to others would be harmful to the designating party or its business, to a non-party (such as a customer) or its business, or would provide the receiving party with a competitive advantage over the designating party.  Any information derived from Confidential information also constitutes Confidential information to the extent the derived information embodies, contains, or discloses any Confidential information.

3. Nothing shall be regarded as Confidential information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain, through no act, fault, or failure of the receiving party; (c) is already lawfully in the receiving party's possession at the time of disclosure through no act, fault, or failure of the disclosing party; (d) is received at a later date by the receiving party from a third party who has the right to make such a disclosure; or (e) is independently

developed by the receiving party by persons without access to such Confidential information.

4.  Any party may declare that any paper, document, record, pleading, response to discovery, deposition testimony, or other material contains information belonging to it or a non-party which contains information which is Confidential information.  Non-parties who have been subpoenaed to testify or produce documents may likewise declare that any deposition testimony or document or thing produced contains information which is Confidential information, and such non-parties shall have the same rights and obligations with respect to such information as the parties hereto.

5.  All Confidential information produced or revealed by the parties or non-parties in the course of this litigation shall be used solely for the purpose of this litigation, and for no other purpose, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

6.  Access to Confidential information shall be limited to those individuals identified in the following paragraph 7 and the Court, the jury and alternate jurors empanelled by the Court in this action, employees of the Court, Court reporters who transcribe depositions in this case, and videographers who videotape depositions in this case.

7.  Access to the Confidential information of designating parties, or compilations, extracts, or summaries of such Confidential information is limited to (a) the outside attorneys of record in this case; (b) persons employed in secretarial, clerical, or paralegal capacities in the offices of outside attorneys of record who are assisting such outside attorneys of record; (c) outside vendors providing photocopying, scanning, stenography, videography, and graphics assistance to attorneys of record who agree to be bound by the terms of this Order, and not including any mock jury or jury consultants; (d) "Qualified Experts" (as defined below) retained to assist in this litigation; (e) secretarial or clerical employees of

Qualified Experts who are assisting Qualified Experts in this action who agree to be bound by the terms of this Order, (f) authors, creators and previous recipients of Confidential information, and (g) parties to this lawsuit.

8. Persons having access to Confidential information identified in paragraphs 7(d) and 7(g) shall be shown a copy of this Protective Order and must review and sign an "Acknowledgment," in substantially the same form as Exhibit "A" attached hereto stating that they agree to be bound by its terms prior to any disclosure of such information. The party utilizing such persons must maintain a copy of the signed Acknowledgment and provide a copy to counsel for the other parties to this litigation within thirty (30) days of termination of this litigation in its entirety.

9. Any outside (i.e., non-employee) expert witness or consultant of a party may become a Qualified Expert if that expert witness or consultant executes the "Acknowledgment" in the form attached hereto as Exhibit "A."

10. Each party's respective outside attorneys of record shall retain the original of each Acknowledgment executed by their Qualified Experts and client.

11. Qualified Experts and parties to this lawsuit shall be responsible for their employees' compliance with this Protective Order.

12. Documents, things, and deposition transcripts, and copies, extracts, or summaries thereof, containing Confidential information shall be clearly marked as "Confidential" or with a similar legend.

13. During any deposition, a party may designate testimony as Confidential information by stating on the record at the deposition that the testimony is Confidential information and is subject to the provisions of this Protective Order. The court reporter shall separately bind such portion and mark the transcript with an appropriate legend.

14. A party whose Confidential information will be discussed during a deposition has the right to exclude from the deposition room any persons who are

1  not Qualified Experts, parties to this lawsuit and/or an attorney of record, but only
2  during such time as Confidential information is being discussed.

3      15.    A party may also designate information disclosed at a deposition taken
4  after the date of entry of the Protective Order as Confidential information by
5  notifying the other parties, in writing, within twenty (20) days of receipt of the
6  transcript, of the specific pages and lines of the transcript which should be treated as
7  Confidential information thereafter.  Each party shall attach a copy of such written
8  notice or notices to the face of each and every copy of the transcript, and any
9  extracts or summaries thereof, in its possession, custody or control.  All deposition
10 transcripts shall be treated as Confidential information for a period of twenty (20)
11 days after receipt of the transcript in order to allow the confidentiality thereof to be
12 assessed.

13     16.    All materials containing Confidential information, when filed with the
14 Court, shall be filed in a sealed envelope, marked "Sealed Pursuant to Protective
15 Order," and shall not be made public except by order of the Court.

16     17.    The designation by a party or non-party of an item as containing
17 Confidential information may be challenged at any time by another party.  The
18 challenging party shall identify each item challenged by letter to the designating
19 party and shall state the basis or bases for asserting that the confidentiality
20 designation is improper.  The designating party shall respond in writing within ten
21 (10) business days of its receipt of such challenge, unless the parties stipulate in
22 writing to extend this period.  If a dispute regarding a confidentiality designation
23 cannot be resolved by the parties within fourteen (14) business days after the non-
24 designating party's receipt of the designating party's response to its challenge, the
25 challenging party must file a motion with the Court in order to change the
26 confidentiality designation.  The designating party shall bear the burden of proving
27 the confidentiality classification is proper.
28

18. All documents, materials, items, things, transcripts, or information designated under this Protective Order shall be kept in such a manner as to ensure that access thereto is limited to the persons properly having access thereto under the terms of this Protective Order.

19. Any item, document, or information inadvertently furnished by a party or a third person during the court of this litigation without a designation of confidentiality may nevertheless subsequently be designated as Confidential information under the terms of this Protective Order but only if counsel for the non-designating party (a) receives written notice from the designating party or third person of the inadvertent failure to designate and the request to thereafter treat such item, document, or information as Confidential information and (b) has a reasonable opportunity to advise others to whom such item, document, or information already has been disclosed that such item, document, or information should be treated as Confidential information.

20. If information subject to a claim of attorney-client privilege, attorney work product, or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege, work product, or other ground for withholding production to which the producing party or other producing person would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party or parties, such party or parties promptly shall return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation support or other database. The party returning such material may then move this Court for an order compelling production of the material, but such motion shall not rely upon in any manner or

assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

21. If, during the course of any Court hearing or trial, a party refers to or seeks to introduce a document, material, item, thing, transcript, or information which has been designated as Confidential information, the party shall inform the Court and shall request that attendance at such hearing or trial during the time such document, material, item, thing, transcript, or information is being discussed or utilized be limited to those Qualified Experts and parties entitled to have access to the designated material under the terms of this Protective Order.

22. Nothing in this Protective Order shall limit any party or any other person in the use of its, his or her own documents, things, and/or information for any purpose or from disclosing its, his, or her own confidential information to any other person.

23. Unless the parties otherwise stipulate, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose.

24. The terms of this Protective Order shall survive the termination of this litigation.

25. Within thirty (30) days of termination of this litigation in its entirety, including appeals (if any), all copies of Confidential information, and abstracts, summaries, excerpts or compilations thereof, including litigation databases or portions of databases containing either the full text of the Confidential information or abstracts, summaries, excerpts, or compilations thereof, shall, at the election of the designating party or third person, either be (i) destroyed with certification of such destruction provided to counsel for the designating party or (ii) returned to counsel for the party or non-party which produced such Confidential information, except that attorneys of record may keep (a) one copy of a complete set of pleadings, depositions transcripts, exhibits, and trial exhibits entered into evidence

and (b) copies of work product. Original documents and deposition transcripts shall not be destroyed. The Court shall retain jurisdiction over this Protective Order, adjudicating claims of breach, and administering damages and other remedies.

26. Nothing in this Protective Order shall bar the attorneys of record with access to Confidential information, from rendering advice to his, her, or their client with respect to this litigation and, in the course thereof, relying upon any Confidential information, provided counsel does not disclose any Confidential information in a manner not specifically authorized under this Protective Order.

IT IS SO STIPULATED

Dated: December____, 2010    RAINES FELDMAN LLP

By: _____
Attorneys for Plaintiff, Counter-Defendant and Cross-Complainant NACABI TRADING, INC.

Dated: December____, 2010    LATHROP & GAGE LLP

By: _____
Attorneys for Defendant and Counter-Claimant IMPACT DESIGN, LLC

Dated: December___, 2010    COREY & COREY

By: _____
Attorneys for Cross-Defendant PG-USA, Inc.

**ORDER**

IT IS SO ORDERED

DATED: Jan. 5, 2011    _____

HONORABLE JUDGE OF THE DISTRICT COURT

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACABI TRADING, INC., a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IMPACT DESIGN, LLC a Kansas limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. CV10-3275 R (VBKx)<br><br>ACKNOWLEDGMENT |
| AND RELATED COUNTER AND CROSS-CLAIMS | |

This is to certify that I have read the Protective Order entered in the above-entitled matter and agree (a) to be bound by the terms and conditions listed therein; and (b) to be subject to the jurisdiction of the Court and any sanctions imposed by the Court in the event the Court determines I have violated the Protective Order.

Dated: _____      _____
　　　　　　　　　　　　　　　　　Signature


　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Printed Name